IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Leslie A. McWilliams,

      Plaintiff,

vs.                                            Case No. 10-2506-JTM

Theresa King, et al.,

      Defendants.

MEMORANDUM AND ORDER

Pro se plaintiff Leslie McWilliams has brought the present action against defendants Deputy Theresa King, Mike Simmons, Julia Joyce, Janette Heard, Janice Jackson, and Gateway Plaza Town Homes, an apartment complex in Kansas City, Kansas, alleging that her civil rights were violated through the use of excessive force when she and King had a confrontation near the Gateway Plaza Complex. King, an off-duty Wyandotte County deputy who was then working as a private security guard for Gateway Plaza, ultimately used a taser on McWilliams and issued a citation for disorderly conduct.

The matter is now before the court on the Motion to Dismiss filed by defendant Mike Simmons. Although there is no indication that Simmons is an attorney or that he is represented by counsel, his motion seeks dismissal not only of himself, but other named defendants as well. Thus, the motion seeks the dismissal of Heard, Jackson and Gateway Plaza, on the grounds that Complaint

and subsequent additional statement[1] filed by McWilliams make no mention of these defendants. The motion later makes the same argument with respect to defendant Joyce, stating that the plaintiff fails to assert the existence of any action or inaction by Joyce leading to her injury.

Finally, with respect to himself and his security company, Simmons states:

> Defendant Simmons Security Company is a private security company. However, this entity did not employ any of the security personnel that have been named in this complaint. Further, Simmons Security Company does not provide any security services, or other types of service, to the Gateway Town Homes property. Since Simmons Security Company is not a person acting under color of state law, was not present at the time of the incident, had no employees present, and was not involved in this incident in any manner, it cannot remain as a Defendant and any claim against Simmons Security Company must be dismissed.

(Dkt. 12). The transcript from the eviction hearing includes testimony from Simmons, which indicates that, in addition to operating the security company, he has been employed at the Kansas City, Kansas Police Department. He testified at the hearing in corroboration of King's testimony, stating that he had observed McWilliams become similarly disorderly and disruptive when he towed her vehicle in 1997.

In her response to the Motion to Dismiss, McWilliams alleges that King "works for Michael Simmons security company hired by the commercial group out of Topeka Kansas, that is over

---

[1] This includes a copy of the transcript of the hearing of the action between Gateway and McWilliams, in which the judge ultimately agreed to evict McWilliams from her apartment, holding that the complex was justified in concluding that McWilliams had engaged in disorderly conduct and failed to comply with lawful police orders. During the hearing, King testified that on August 7, 2010, she was off duty and working as a security officer at Gateway Plaza, that she and Security Officer Julia Joyce were on patrol when they observed a van entering the parking lot playing music loudly, that McWilliams ignored her directive to reduce its volume or to produce any identification, and that in the resulting confrontation, McWilliams began to scream and resisted King's attempt to arrest her for disorderly conduct, ultimately leading to the use of a taser.

Gateway Plaza Town Home Apartments," and that this group "is a part of HUD U.S. Department of Housing and Urban Development (HUD) which does have to do with the government." (Dkt. 18, at ¶ 1). Later in the same pleading, however, McWilliams refers to King as "the private security" officer who used force against her on August 7, 2010. (Dkt. 18, at ¶ 2).

As the Motion to Dismiss is apparently submitted pro se, and without the signatures of any defendant other than Simmons, it forms no basis for relief as to the other defendants. Under 28 U.S.C. § 1654, parties may "plead and conduct their own cases personally or by counsel." One pro se party may not represent another pro se party in federal court. *Sule v. Story*, No. 95-1422, 1996 WL 170156, *1 (10th Cir. April 11, 1996). *See United States v. Grismore*, 546 F.2d 844. (10th Cir. 1976) (noting that "[t]he constitution does not provide the right of representation by a lay person"); *United States v. Prince*, 167 F.Supp.2d 1296, 1303 (D. Kan. 2001) ("individuals may only appear in federal court pro se or through legal counsel").

In *Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423, 1428-29 (10th Cir. 1984), the court held that even an off-duty police officer acting as a private security guard may act under color of state law, for purposes of liability under 42 U.S.C. § 1983, where the guard effected an arrest by using objective indicia of police authority — flashing his badge, identifying himself as a police officer, telling the plaintiff he was going to jail, and using police documents to complete the arrest. Courts have historically "employed a totality of the circumstances approach in their analyses of "under color of state law" questions involving off-duty police officers and security guards. *Dry v. City of Durant*, No. 99-78137, 2000 WL 1854140, (10th Cir. Dec. 19, 2000).

While there is an apparent factual dispute as to whether Simmons's security agency employed King, and doubtless an additional dispute as to what actually occurred at the scene of the arrest,

neither dispute is controlling here as to the issue presented by the Motion to Dismiss. Even if the ultimate owner of the apartment complex is a HUD entity, this does not mean that the private security company employed by the complex was acting under color of state law, and there is no evidence or allegation that Simmons authorized or directed King to act under color of state law. Further, Simmons cannot be liable under § 1983 merely for his (alleged) employment of King. *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 691 (1978) (rejecting *respondeat superior* liability in § 1983 cases).

IT IS ACCORDINGLY ORDERED this 21st day of March, 2011 that the defendant's Motion to Dismiss (Dkt. 12) is granted in part, defendant Simmons being hereby dismissed from the action, and is otherwise denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE