IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LESLIE A. MCWILLIAMS,

    Plaintiff,

vs.                      Case No. 10-2506-JTM

DEPUTY THERESA KING, *et al.*,

    Defendants.

MEMORANDUM AND ORDER

Two *pro se* motions — ostensibly on behalf of the defendants — have been presented to the court. The first, a "Motion to Deny and File Out of Time," is presented on behalf of the individual defendants Janice Jackson, Julie Joyce, and Janette Heard, as well as Gateway Plaza Town Homes, and seeks leave to file a response out of time, as well as denial of the plaintiff Leslie Williams's Motion for Default (Dkt. 28). The second motion is a Motion to Dismiss filed on behalf of Gateway Town Homes.

The scrawled signature on behalf of Gateway appears identical in both pleadings, but it is not legible and does not match the individual signatures of Heard, Jackson, or Joyce in the Motion to Deny. The motions contain no information identifying the person signing on behalf of Gateway. No attorney has made an appearance on behalf of Gateway.

"[A] corporation can appear in a court of record only by an attorney at law." *Flora Constr. v. Fireman's Fund Ins.*, 307 F.2d 413, 414 (10th Cir.1962). "As a general matter, a corporation or

other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir.2001). The "other business entity" may refer to a partnership, association, or other artificial entities. *Rowland v. California Men's Colony*, 113 S.Ct. 716, 721–22 n. 5 (1993).

The possibility exists that Gateway is a sole proprietorship, in which case it may represented *pro se* by its owner. Under 28 USC 1654 28 U.S.C.A. § 1654 "[i]n all courts of the United States parties may plead and conduct their own case personally or by counsel." Some courts have allowed sole proprietorships to represent themselves. *See In re Spencer C. Young Investments*, 2009 WL 901654 (M.D.N.C. Bankr. 2009). Kansas has no rule explicitly prohibiting it or allowing it. D.Kan.R. 83.5.1(c) provides as to *pro se* appearances that "nothing in these rules prohibits any individual from appearing personally on his or her own behalf."

In *Lowery v. Hoffman,* 188 F.R.D. 651 (M.D. Ala. 1999), the court held that a sole properietorship could be represented by its non-lawyer owner, following proof by affidavit as to the nature of the ownership. Kansas courts have not directly addressed the issue, although Judge Pusateri wrote in *In re Harrison*, 185 B.R. 607, 610 (Bankr. D. Kan. 1995) that "both case law and a statute [§ 1654] prevent this Court from allowing Mr. Lytran to represent Kansas Collection Agency *unless it is his sole proprietorship*, and not a corporation, partnership, or other separate entity." (Emphasis added).

Publicly-available HUD records show a Gateway Plaza Town Homes at 1430 N. 4th, the same address the docket shows for defendant Heard, and also lists Heard as a contact person. Nothing in these records, or in the pleadings generally, show the form of ownership for Gateway.

The court hereby directs the Clerk to enter the Motion to Deny/File Out of Time only as to the three individual defendants. The defendant Gateway Plaza Town Homes shall have ten days

from the date of this order to provide either (1) a version of the motion signed by counsel, or (2) proof by affidavit as to its ownership and the identity of the person purporting to represent its interest. In the absence of such representation by an attorney, or proof that Gateway is both a sole proprietorship and appears through its sole owner, the court will direct the Clerk to refuse the filing of the Motion to Dismiss, and strike that portion of the Motion to Deny which purports to represent Gateway.

    IT IS SO ORDERED this 18th day of May, 2011.


                                             s/J. Thomas Marten
                                             J. THOMAS MARTEN, JUDGE