IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Leslie A. McWilliams,

        Plaintiff,

vs.                                  Case No. 10-2506-JTM

Theresa King, et al.,

        Defendants.

MEMORANDUM AND ORDER

      Pro se plaintiff Leslie McWilliams has brought the present action against defendants Deputy Theresa King, Mike Simmons, Julia Joyce, Janett Heard, Janice Jackson, and Gateway Plaza Town Homes, an apartment complex in Kansas City, Kansas, alleging that her civil rights were violated through the use of excessive force when she and King had a confrontation near the Gateway Plaza Complex. King, an off-duty Wyandotte County Deputy who was then working as a private security guard for Gateway Plaza, ultimately used a taser on McWilliams and issued a citation for disorderly conduct.

      The court has previously granted Simmons' Motion to Dismiss, finding no credible allegation that Simmons acted under color of state law. (Dkt. 23, at 4). However, although the Motion to Dismiss ostensibly also sought dismissal of defendants Heard, Jackson, and Gateway Plaza, the court

determined that the motion, which was signed only by the non-attorney Simmons, could not obtain relief as to those defendants.

On April 26, 2011, the United States Magistrate Judge entered an order (Dkt. 26). directing McWilliams to show cause why the action should not be dismissed for a lack of prosecution as to defendants Julia Joyce, Gateway Plaza Town Homes, Janice Jackson, and Janett Heard.

On May 4, 2001, McWilliams responded by simultaneously filing a Response, stating that she is "awaiting a transcript from the District Court of Wyandotte County, which is necessary for Plaintiff to pursue her action against Deputy King, but the transcript, while ordered, has not yet been prepared and delivered," (Dkt. 27, at ¶ 3) along with a Motion for Default Judgment against the defendants Joyce, Jackson, and Heard (Dkt. 28). McWilliams filed a Supplement to her Response on June 14, 2011 (Dkt. 37), to which she attached the transcript of a bench trial before the Wyandotte County, Kansas District Court, *City of Kansas City, Kansas v McWilliams*, 10 CR 1338 (Feb. 22, 2011). The transcript indicates that McWilliams was found guilty of one count each of excessive noise, disorderly conduct, and obstruction, and fined $100 on each count.

In a pleading signed only by Heard but ostensibly on behalf of "the defendants collectively," Heard, Joyce, Jackson, and Gateway Plaza then submitted a response to the Motion for Default, contending that the earlier motion by Simmons "effectively stayed any action in this matter until this dismissal motion is acted on by the court." (Dkt. 30, at 1).

Defendants Heard, Joyce, and Jackson later separately filed a request that the court deny the default judgment, urging the court to find excusable neglect under Rule 6(b)(1)(B) given their pro se status and mistaken belief that they were covered in Simmons' motion to dismiss. The pleading further states: "Attached for the court's review is a copy of each of the remaining defendant's [sic]

Motion to Dismiss for Failure to State a Claim. These motions will also be filed with the court in conjunction with this pleading." (Dkt. 32 at 2-3). However, the defendants' response submitted to the court's docket contains no such copy of the proposed motion to dismiss.

Based on the illegibility of the signature entered on behalf of Gateway Plaza, the court directed that the Clerk of the Court should enter the Motion only as to the individual defendants, and that such a request for relief would be permitted Gateway Plaza only following an appearance by counsel. (Dkt. 31).

Counsel for Gateway Plaza subsequently entered an appearance, and filed on Gateway Plaza's behalf a Motion to Respond (Dkt. 34) to the request for default, along with a Motion to Dismiss, presenting the same argument previously advanced by Simmons — that McWilliams has failed to prove or allege the existence of any state action as required for an action under 42 U.S.C. § 1983.

McWilliams has filed no response to Gateway's motion.

For good cause shown and in the absence of any prejudice, the court hereby grants the defendants' motions for leave to file and extension. (Dkt. 32, 34). Defendants Joyce, Jackson, and Heard may file a pleading responsive to plaintiff's Complaint within 21 days of the present Order. The Court hereby grants the Motion to Dismiss of Gateway Plaza (Dkt. 35) for good cause shown and pursuant to D.Kan. Rule 7.4.

Plaintiff's Motion for Default Judgment (Dkt. 28) is hereby denied.

IT IS SO ORDERED this 27th day of June, 2011.

                s/ J. Thomas Marten
                J. THOMAS MARTEN, JUDGE