IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LESLIE A. McWILLIAMS,

          Plaintiff,          Civil Action

v.

                              No. 10-2506-JTM-DJW

TERESA KING,

          Defendant.

### MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Amend Complaint (ECF No. 68). Plaintiff's initial complaint, filed *pro se*, asserts a claim of violation of civil rights under 28 U.S.pC. § 1343 against Teresa King. Plaintiff seeks leave to amend the complaint to add the claims of battery, negligence, and gross negligence against King.[1] Plaintiff also seeks leave to amend to add two additional parties, the Unified Government of Wyandotte County and Gateway Housing, L.P., and to assert claims for violation of civil rights under 28 U.S. C. § 1343 against them.[2] She also seeks to assert claims of negligence and gross negligence against Gateway Housing, L.P.[3]

Both defendant King and the Unified Government of Wyandotte County oppose the motion. Putative defendant Gateway Plaza does not oppose the motion, and instead has filed an Answer to

---

[1] *See*, Proposed First Am. Compl., Count I, attached as Ex. 1 to Mot. To Amend (ECF No. 68).

[2] *Id.*, Counts VI and VII, respectively.

[3] *Id.*, Counts II and III, respectively.

the Second Amended Complaint.[4]  For the reasons set forth below, the Court denies Plaintiff's motion for leave to amend.  In addition, the Court denies as unnecessary Plaintiff's Motion to Protect Plaintiff's Civil Rights as a Pro Se Litigant (ECF Nos. 79), and denies as moot Plaintiff's Motion to Protect Plaintiff's Civil Rights as a Pro Se Litigant (ECF Nos. 80).

Plaintiff filed this action *pro se* on September 20, 2010.  A Scheduling Order was issued on July 21, 2011, in which the Court set an August 12, 2011 deadline for filing motions for leave to amend the pleadings.[5]  Although several deadlines set forth in the Scheduling Order were later amended on separate occasions, the deadline for amending the pleadings was not changed.

## II.     Standard for Ruling on a Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[6]  Rule 15(a)(2) specifies that the court "freely give leave when justice so requires."[7]  Nonetheless, a court may refuse to grant leave to amend based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility

---

[4]This Court, by text entry order of April 4, 2012 (ECF No. 94), ruled that the Answer of Gateway Housing, L.P. was filed prematurely in response to the allegations contained in Plaintiff's proposed amended complaint and thus should be stricken.

[5]Scheduling Order (ECF No. 43), ¶ 3.a.

[6]Fed. R. Civ. P. 15(a)(2).

[7]*Id.*

of amendment."[8]  The purpose of Rule 15(a) "is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[9]

When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is implicated.  Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[10]  In *Minter v. Prime Equipment Co.*,[11] the Tenth Circuit expressly declined to "decide whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements," as that issue was not argued by the parties.[12]

This Court has in the past applied a two-step analysis based on both Rule 16(b) and Rule 15(a) when faced with a request to amend a complaint past the scheduling order deadline.[13]  This

---

[8] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[9] *Id.* (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[10] Fed. R. Civ. P. 16(b)(4).  In addition, the Scheduling Order in this case states that the schedule "shall not be modified except by leave of court upon a showing of good cause."  Doc. 17 at p. 10.

[11] 451 F.3d 1196, 1205 (10th Cir. 2006).

[12] *Id.* at n. 4.

[13] *See, e.g., Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Group*, No. 02-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. Mar. 13, 2003) ("When a party seeks leave to amend after the deadline established in a pretrial scheduling order, however, that party must satisfy the standards set forth in Fed. R. Civ. P. 16(b), as well as Fed. R. Civ. P. 15(a)."); *Deghand v. Wal-Mart Stores, Inc.*, 904 F.Supp. 1218, 1221 (D. Kan. 1995) ("Because the plaintiff sought leave to amend her complaint after the deadline established in the pretrial scheduling order, Rule 16 of the Federal Rules of Civil Procedure is the plaintiff's first hurdle. . . .  Rule 15 is the next hurdle for the plaintiff.").

practice has continued after the *Minter* decision.[14]  Thus, when a motion to amend is filed beyond the scheduling order deadline, this Court must first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion.  Only after determining that good cause has been established will the Court proceed to determine if the more lenient Rule 15(a) standard for amendment has been satisfied.[15]

To establish good cause under Rule 16(b)(4), the moving party must show that the deadline could not have been met even if it had acted "with due diligence."[16]  "Carelessness is not compatible

---

[14] *See, e.g., Wilson v. Wal-Mart Stores, Inc.,* No. 07-2263-JWL, 2008 WL 2622895, at *2-3 (D. Kan. June 30, 2008) (recognizing that "[c]ourts in this District apply the standards set forth in Federal Rules of Civil Procedure 15(a) and 16(b) when the motion to amend a complaint is filed after the scheduling deadline" and denying motion to amend where plaintiff failed to show good cause for filing motion to amend seven months after the amendment deadline); *Ice Corp v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 4570930, at *2 (D. Kan. Dec. 27, 2007) ("When a motion to amend is filed out of time, the court must examine the liberal amendment policy of Fed. R. Civ. P. 15(a) in conjunction with the good cause standard of Fed.R.Civ.P. 16(b).") (internal quotations and citations omitted); *Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2693674, at *5 (D. Kan. Sept. 10, 2007) ("[C]ourts in the District of Kansas have routinely held that when considering a motion to amend filed after the deadline established in a scheduling order, the court must determine whether 'good cause' within the meaning of Fed. R. Civ. P. 16(b) has been sufficiently demonstrated to justify allowing the untimely motion and if the Fed. R. Civ. P. 15(a) standards have been satisfied.") (internal quotations and citations omitted); *In re Urethane Antritrust Litig.,* No. 04-MD-1616-JWL, 2007 WL 1424327, at *3-5 (D. Kan. May 14, 2007) (applying Rules 15(a) and 16(b)(4) to deny motion to amend where motion was filed substantial period after scheduling order deadline).

[15] *See Boatright*, 2007 WL 2693674, at *6 (recognizing the Rule 15(a) standard as more lenient than the "good cause" standard of Rule 16(b)); *Geer v. Challenge Fin. Inv. Corp.*, No. 05-1109-JTM, 2007 WL 1149131, at *2 (D. Kan. Apr. 18, 2007) (same).

[16] *Boatright,* 2007 Wl 2693674, at *5; *accord Lone Star Steakhouse*, 2003 WL 21659663, at *2 (party moving to amend after the scheduling order deadline "must show that despite due diligence it could not have reasonably met the scheduled deadlines."); *Deghand*, 904 F.Supp. at 1221 (the moving party "must show that despite due diligence it could not have reasonably met the scheduled deadlines.").

with a finding of diligence and offers no reason for a grant of relief."[17]  Furthermore, the lack of prejudice to the nonmovant does not show "good cause."[18]  A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for the abuse of discretion.[19]

**II.   Discussion**

Plaintiff filed her original complaint *pro se* on September 20, 2010.  The Scheduling Order entered July 21, 2011 set a deadline of August 12, 2011 for joining additional parties or otherwise amending the pleadings.  Plaintiff waited until December 6, 2011, to file her motion to amend the complaint, a nearly four-month delay after the deadline set forth in the Scheduling Order (and nearly a year after the filing of her original complaint).  Thus, the Court must first determine whether Plaintiff has established "good cause" within the meaning of Rule 16(b)(4) that would justify allowing Plaintiff to file her motion beyond the August 12, 2011  deadline.

Under Rule 16(b)(4), the moving party must show that the scheduling order deadline could not have been met even if the movant had acted "with due diligence."  Plaintiff fails to make a showing that she could not have met this deadline if she had acted with due diligence.  The facts that form the basis for the additional claims of battery, negligence, and gross negligence against existing defendant Theresa King were all fully known to her at the time of the filing of her initial complaint

---

[17]*Lone Star Steakhouse*, 2003 WL 21659663, at *2 (quoting *Johnson* v. *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); *accord Deghand*, 904 F.Supp. at 1221.

[18]*Lone Star Steakhouse,* 2003 WL 21659663, at *2; *Deghand*, 904 F. Supp. at 1221 (citations omitted).

[19]*Ingle v. Dryer*, No. 07-cv-00428-LTB-CBS, 2008 WL 1744337, at *2 (D. Colo. Apr. 11, 2008) (citing *Burks v. Okla. Publ. Co.*, 81 F.3d 975, 978-79 (10th Cir. 1996)).

on September 20, 2010. The basis for the proposed claims of negligence and gross negligence against Gateway Housing were likewise known to Plaintiff at the time she filed her initial complaint. Similarly, the facts underlying her claims against Gateway Housing and the Unified Government of Wyandotte County for violation of civil rights under 28 U.S.C. § 1343 – that she was handcuffed and tazed – were known to her at the time she filed her original complaint. Thus, the Court finds Plaintiff has unduly delayed in bringing her Motion to Amend, as Plaintiff knew or should have known of the information she relies upon to support her proposed amendments at the time she filed her initial complaint, and with due diligence, could have timely asserted these claims. In sum, the Court finds that Plaintiff has not met her burden to demonstrate good cause for filing her Motion to Amend nearly four months after the amendment deadline. The Court recognizes plaintiff filed her original complaint *pro se* and thereafter retained counsel, who filed the motion to amend. These circumstances, however, do not justify plaintiff in ignoring the clearly set forth scheduling order deadline. "Although *pro se* litigants get the benefit of more generous treatment in some respects, they must nonetheless follow the same rules of procedure that govern other litigants."[20] Even in light of the liberal treatment accorded *pro se* litigants, the Court finds that she has not met the good cause standard. The Motion to Amend is therefore denied.

Plaintiff has also filed a motion titled "Motion to Protect Plaintiff's Civil Rights as a Pro Se Litigant" (ECF No. 79). Plaintiff's motion essentially requests that the Court afford her the liberal treatment accorded to *pro se* litigants. The Court recognizes that plaintiff is proceeding *pro se*, and has given her the benefit of more generous treatment by liberally construing her pleadings, in light of relevant Tenth Circuit and United States Supreme Court precedent requiring a more liberal

---

[20] *Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 549 (10th Cir. 2000).

construction for *pro se* plaintiffs. Accordingly, her complaint and her motion to amend complaint were addressed in the manner she has requested, and thus her motion is denied as unnecessary.

Finally, Plaintiff has filed an additional motion titled "Motion to Protect Plaintiff's Civil Rights as a Pro Se Litigant" (ECF No. 80). In this motion, Plaintiff seeks to amend the complaint to reflect "the right time and day that the incident happened, which was August the 7th 2010." She asserts that her counsel had misstated the date in the complaint as July 20th. The Court has carefully reviewed the complaint and notes that the date stated in the original complaint regarding the incident is in fact August 7, 2010. Thus, this motion is denied as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend (ECF No. 68) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Protect Plaintiff's Civil Rights as a Pro Se Litigant (ECF No. 79) is denied as unnecessary.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Protect Plaintiff's Civil Rights as a Pro Se Litigant (ECF No. 80) is denied as moot.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this  day of May, 2012.

> s/ David J. Waxse
> David J. Waxse
> United States Magistrate Judge

cc:   All counsel and *pro se* parties